1  Kenneth J. Catanzarite (SBN 113750)
   Jim Travis Tice (SBN 153867)
2  CATANZARITE LAW CORPORATION
   2331 West Lincoln Avenue
3  Anaheim, California 92801
   Tel: (714) 520-5544
4

5  Lionel Z. Glancy (SBN 134180)
   Peter A. Binkow (SBN 173848)
   LAW OFFICES OF LIONEL Z. GLANCY
6  1801 Avenue of the Stars #311
   Los Angeles, California 90067
7  Tel: (310) 201-9150

8  Attorneys for Plaintiffs

9             UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF CALIFORNIA
10

11 BRANDON ABBE; KHALILAH
   ABDULRAHIM; CAMELIA BRISSETT;
12 ENGELBERT BUSTAMANTE; JOSE
   DANTES-CASTILLO; CHUL CHOI;
13 PATRICK COLLINS; CHRISTOPHER S.
   DICK; NANCY FAWZY; GARRET
14 FULLER; GLENDA GOMEZ; SOFIA E.
   GUERRERO; KATHLEEN HSU;
15 ELIZABETH HUNT; SHAWN D. KEYES;
   KHATIJA LADHANI; SASHA LAUSON;
16 ERIK NELSON; M. CHRISTINA
   PALAGANAS; DAVID PHELPS; TAMIKO
17 PHIFER; RON RECHTMAN; DANIEL
   RODRIGUEZ; JAIME SHULER; BRYAN
18 SCHULTE; LORI ANN SHAPIO-
   LEINWEBER; HOWARD SONN; KENNETH
19 TENNYSON; MANUEL FERNANDO TORO;
   JUAN M. VELASCO; BRIAN ROBERT
20 WEBER,

21                 Plaintiffs,

22       vs.

23 DAEWOO MOTOR AMERICA, INC., a
   Delaware corporation qualified
24 to do business in the State of
   California; DAEWOO MOTOR
25 COMPANY, LTD.; DAEWOO
   CORPORATION; and DOES 1 through
26 20, inclusive,

27       Defendants.

28 ///



99-09776 GAF (SHx)

COMPLAINT FOR:

1. BACK WAGES
2. OVERTIME COMPENSATION
3. RETALIATORY DISCHARGE

JURY TRIAL DEMANDED



ENTERED ON ICMS
SEP 28 1999
CV

ORIGINAL

NMC\3051\301\500.301                    COMPLAINT

Plaintiffs bring this action under the Fair Labor Standards Act of 1938, as amended (29 USC 201 et seq.) hereinafter "the Act" to recover unpaid back wages, unpaid overtime compensation, an additional equal amount (wages and overtime compensation) as liquidated damages, compensatory damages for retaliatory discharge, reasonable attorneys fees and costs.

## JURISDICTION

1. Jurisdiction of this action is conferred upon the Court by Section 16(b) of the Act (29 USC § 216(b)).

## PARTY IDENTIFICATION

2. Plaintiffs are identified as follows:

a. Brandon Abbe ("ABBE") is a resident of the State of New York, City of Dixhills, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

b. Khalilah Abdulrahim ("ABDULRAHIM") is a resident of the State of Connecticut, City of Hamden, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

c. Camellia Brissett ("BRISSETT") is a resident of the State of Georgia, City of Smyrna, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

d. Engelbert Bustamante ("BUSTAMANTE") is a resident of the State of Florida, City of Orlando, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

e. Jose Dantes-Castillo ("DANTES-CASTILLO") is a resident of the State of Florida, City of Miami, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

f. Chul Choi ("CHOI") is a resident of the State of New York, City of Bayside, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

g. Patrick Collins ("COLLINS") is a resident of the State of New Jersey, City of Parsippany, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

h. Christopher S. Dick ("DICK") is a resident of the

State of Florida, City of Orlando, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

  i. Nancy Fawzy("FAWZY") is a resident of the State of Connecticut, City of New Haven, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

  j. Garrett Fuller("FULLER") is a resident of the State of Florida, City of Tampa, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

  k. Glenda Gomez("GOMEZ") is a resident of the State of New York, City of College Point, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

  l. Sofia E. Guerrero("GUERRERO") is a resident of the State of Florida, City of Miami, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as

described below, on or before September 30, 1998.

m. Kathleen Hsu ("HSU") is a resident of the State of New York, City of Huntington Station, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

n. Elizabeth Hunt ("HUNT") is a resident of the State of Florida, City of Orlando, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

o. Shawn D. Keyes ("KEYES") is a resident of the State of Florida, City of Pinellas Park, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

p. Khatija Ladhani ("LADHANI") is a resident of the State of New York, City of Niskayuna, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

q. Sasha Lauson ("LAUSON") is a resident of the State of Florida, City of Boca Raton, and at the times herein relevant was a college student and was appointed to

participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

r.  Eric Nelson("NELSON") is a resident of the State of Illinois, City of Chicago, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

s.  M. Christina Palaganas("PALAGANAS") is a resident of the State of Michigan, City of Bloomfield Hills, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

t.  David Phelps("PHELPS") is a resident of the State of Florida, City of Seminole, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

u.  Tamiko Phifer("PHIFER") is a resident of the State of Georgia, City of Riverdale, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

v. Ron Rechtman("RECHTMAN") is a resident of the State of Florida, City of Tampa, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

w. Daniel Rodriquez("RODRIGUEZ") is a resident of the State of Florida, City of Fern Park, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

x. Jaime Schuler("SCHULER") is a resident of the State of Florida, City of Largo, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

y. Bryan Schulte("SCHULTE") is a resident of the State of Illinois, City of Chicago, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

z. Lori Ann Shapio-Leinweber("SHAPIO-LEINWEBER") is a resident of the State of Florida, City of Coral Springs, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct

NMC\3051\301\500.301          COMPLAINT

marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

aa.  Howard Sonn("SONN") is a resident of the State of Florida, City of Orlando, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

bb.  Kenneth Tennyson("TENNYSON") is a resident of the State of Georgia, City of Marietta, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

cc.  Manuel Fernando Toro("TORO") is a resident of the State of Florida, City of Altomonte, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

dd.  Juan M. Velasco("VELASCO") is a resident of the State of Florida, City of New Port, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

ee.  Brian Robert Weber("WEBER") is a resident of the

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

8.

State of Florida, City of Orlando, and at the times herein relevant was a college student and was appointed to participate in the Daewoo Campus Advisor direct marketing program (the "DCA Program") sponsored by the defendants, as described below, on or before September 30, 1998.

3. Plaintiffs allege that the identities and capacities of the defendants are as follows:

(a) Daewoo Motor America, Inc. ("DMA") is a Delaware corporation authorized to transact business in the following states:

(1) the State of Connecticut, located at 2269 Post Road, Fairfield, Connecticut 06430; is a subsidiary or affiliate of defendant Daewoo Corporation and Daewoo Motor Company, Ltd., and is engaged in the importing and sale of Daewoo automobiles in the United States.

(2) the State of Florida, having three separate retail store locations: (I) Daewoo of Sanford, 4165 North U.S. Hwy. 17-92, Sanford, Florida 32773, (ii) Daewoo of St. Petersburg, 1601 34th Street North, St. Petersburg, Florida 33716; and (iii) Daewoo of Pompano Beach, 744 North Federal Hwy, Pompano Beach, Florida 33062; is a subsidiary or affiliate of defendant Daewoo Corporation and Daewoo Motor Company, Ltd., and is engaged in the importing and sale of Daewoo automobiles in the United States.

(3) in the State of Georgia, located at 1580 Church Street, Decatur, Georgia 30033; is a subsidiary or affiliate of defendant Daewoo Corporation and Daewoo

1  Motor Company, Ltd., and is engaged in the importing
2  and sale of Daewoo automobiles in the United States.
3      (4) in the State of Massachusetts, located at 517
4  Worcester Street, Route 9, Natick, Massachusetts 01760;
5  is a subsidiary or affiliate of defendant Daewoo
6  Corporation and Daewoo Motor Company, Ltd., and is
7  engaged in the importing and sale of Daewoo automobiles
8  in the United States.
9      (5) the State of New York, located at 587 East
10 Jericho Turnpike, St. James, New York 11780; is a
11 subsidiary or affiliate of defendant Daewoo Corporation
12 and Daewoo Motor Company, Ltd., and is engaged in the
13 importing and sale of Daewoo automobiles in the United
14 States.
15     (b) Daewoo Motor Company, Ltd. ("DMC") is a Korean
16 corporation authorized to do business in Florida and is a
17 subsidiary or affiliate of DMA and Daewoo Corporation, and
18 manufactures the automobiles which DMA imports and sells.
19     (c) Daewoo Corporation is a Korean corporation and is
20 the parent or affiliate of DMA and DMC.
21 Hereinafter the corporations described at subparagraphs (a)
22 through (c) above, inclusive, are collectively referred to as
23 "Defendants".
24     4.  At all times herein mentioned, Defendants: having been
25 engaged in related activities performed through unified operation
26 or common control for a common business purpose; having employees
27 engaged in commerce or in the production of goods for commerce,
28 or employees handling, receiving, selling or otherwise working on

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

1 goods or materials that have been moved in or produced for
2 commerce; and having annual gross volume of sales made or
3 business done of not less that $500,000, therefore, constitutes
4 an enterprise engaged in commerce or in the production of goods
5 for commerce within the meaning of Section 3(r) and (s) of the
6 Act (29 USC §203(r) and (s)).

### ALTER EGO ALLEGATIONS

8  5.   Defendant DMA was conceived, intended and used by the
9 other defendants as a device to avoid liability and for the
10 purpose of substituting a financially insolvent or under-
11 capitalized corporation in the place of the other defendants.
12  6.   Defendant DMA was at all times herein relevant, and is
13 now, so inadequately capitalized that, compared with the business
14 to be done by the defendant DMA and the risks of loss attendant
15 therewith, said defendant's capitalization was and is trifling.
16  7.   Defendant DMA is, and at all times herein mentioned
17 was, the alter ego of the other defendants and there exists and
18 at all times existed a unity of interest and ownership between
19 defendants such that any separateness between them has ceased to
20 exist, in that the other defendants completely control, dominate,
21 manage and operate defendant DMA, and have intermingled the
22 assets of the other defendants with those of defendant DMA to
23 suit the convenience of the defendants.

### BACKGROUND FACTS

25  8.   Daewoo Corporation, a Korean corporation, headquartered
26 in Seoul Korea, is the trading and construction arm of Daewoo
27 Group Korea, a diversified manufacturing and services enterprise
28 ranked among the world's 50 largest industrial businesses by

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

11.

Fortune's Global 500.

9. Daewoo Corporation introduced the cars manufactured by DMC in the United States market through DMA with a road show from September 25, 1998 to October 4, 1998 and an official launching ceremony and press conference held on September 28, 1998 in New York, New York.

10. DMA began marketing and sales operations in the United States with only 15 company owned retail stores in nine states: California, Illinois, Massachusetts, Rhode Island, Connecticut, New York, Pennsylvania, Georgia and Florida.

11. Daewoo Corporation developed its original plans to enter the United States automotive market in 1992 after years of research on marketing strategies. Daewoo Corporation's strategy was and remains to approach college students as primary customers and to form a direct sales approach without the use of middle distributors, herein and above described as the DCA Program.

12. Daewoo Corporation developed a plan to enter the United States automotive market based primarily, if not exclusively, upon utilization of the DCA program. DMA planned to initially open only 14 retail stores and then boost this number to 24 by the end of the first year, 1998. All of the retail stores were to be located near a college campus.

13. The college marketing program utilizing college students, such as Plaintiffs, as the key element of the overall integrated national marketing plan handed down from DMA corporate headquarters and overseen further by Korean management.

14. Daewoo Corporation's national marketing strategy was designed around the use of college students, such as Plaintiffs,

NMC\3051\301\500.301                                    COMPLAINT

who would initially contact customers on behalf of Daewoo for purposes of bringing customers to the retail stores where the sale of an automobile would then be completed by a Daewoo sales employee. In addition, the DCAs were to encourage potential customers to visit Daewoo Corporation's web site in order to gain further information on the company's products.

15. To implement this strategy on a nation-wide basis, DMA ran ads and contacted 400 major colleges and universities across the United States and Defendants eventually engaged approximately 5,000 students as DCAs from May 1998 to present. The DCAs were and are to promote sales at the 400 campuses thus driving the customers literally and figuratively to the Defendants' retail stores.

16. Beginning in approximately May 1998, the defendants began running advertisements in newspapers and other periodicals in selected locations throughout the United States, including the Los Angeles Times and the Orlando Florida Sentinel, as well as other newspapers of general circulation, in which they announced and promoted the DCA program and solicited persons to become DCAs. In addition, many DCAs were directly solicited by letter from Defendants.

**EMPLOYMENT RELATIONSHIP**

17. While the Plaintiffs signed an agreement stating that they were independent contractors, the same is a sham intended to avoid the minimum wage and other provisions of the Act and to shift a tax burden to the young inexperienced Plaintiffs. The true facts are that the Plaintiffs were and are all employees of Defendants as contemplated for coverage under the Act.

1    18. The Plaintiffs are all college students with little or
2 no general sales skills, have no sales skills in retail new
3 foreign car sales, and are completely dependent upon Defendants
4 for training, supervision and capital.

5    19. All DCAs were given Daewoo marketing materials on the
6 automobiles to review and were required to attend training
7 sessions in the location of the Daewoo retail store in their
8 area. These materials were corporate authored and strictly
9 controlled by the national office. The training programs
10 described how the DCAs were to perform their work. Many of the
11 DCAs who signed up for the DCA program were also sent by the
12 defendants on a one-week training trip to Korea in July and
13 August 1998.

14    20. All DCAs were required to work at least 10 hours per
15 week marketing Daewoo automobiles. The DCAs could tailor these
16 hours to coincide with their class schedules.

17    21. The DCA program offers the DCAs a commission on each
18 car sale they facilitate and a discount auto purchase plan.

19    22. The Plaintiffs have invested nothing other than their
20 time in the employment relationship. Specifically the Plaintiffs
21 are solely dependent upon Defendants for use of their: (a)
22 retail sales materials describing the cars; (b) retail sales
23 facilities to warehouse and show the car; (c) retail sales staff
24 to "close" a referred lead, (d) use of Defendants' demonstrator
25 cars; and (e) capital to organize and pay for campus and other
26 related events at which Defendants' cars are displayed for
27 Plaintiffs to demonstrate to the sales prospects.

28    23. The Plaintiffs' activities are all supervised by a

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

1 group of Daewoo employees described as Daewoo Campus Supervisors
2 (the "Supervisors") whose function is to oversee, orchestrate and
3 direct the activities of up to thirty (30) DCAs each. The
4 Supervisors organize the events which the DCAs are directed to
5 attend to meet potential leads and to demonstrate Defendants'
6 cars. The Supervisors are overseen by a group of Daewoo
7 employees described as Daewoo Campus Supervisor Managers. At
8 such events the DCAs wear clothing with the Daewoo name, hand out
9 Daewoo literature, sit behind tables with a Daewoo sign and
10 otherwise are held out to the public as Defendants employees.
11 Moreover, the Supervisors direct the DCAs' activities in
12 facilitating the sale of Defendants' autos.
13     24. Each Plaintiff's opportunity for commission or profit
14 is directly related to the market penetration success, consumer
15 product reception, and sales effectiveness of Defendants' other
16 employees.
17     25. The Defendants' marketing strategy relies upon what
18 Defendant itself described as an "army" of 5,000 DCAs engaged by
19 December 31, 1998, expanding to 15,000 DCAs by December 31, 2000
20 to promote sales and drive customers literally and figuratively
21 to Defendants' retail store locations where they can be closed by
22 one of Defendants' sales employees.
23     26. The Plaintiffs are an integral part of Defendants'
24 United States automotive sales business plan. In fact, by
25 opening only 15 retail stores thus far, Defendants have
26 demonstrated their reliance on the "army" of DCAs to direct
27 market their automobiles.
28     27. In California, where Defendants determined a sales

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

1  license is required, DCAs were directed by Defendants' employees
2  to the California Department of Motor Vehicles where they each
3  completed a form and paid a fee.  The fee paid was immediately
4  reimbursed by Defendants.
5      28.  While in college each Plaintiff is expected to devote
6  two or more years to the DCA Program.  The Plaintiffs have not
7  and do not market any other auto manufacturer's automobiles.
8  Moreover, the Plaintiffs do not maintain a separate office or
9  business phone line. The Plaintiffs have no indicia of being
10 independent contractors.
11 ///
12 ///
13          **MINIMUM WAGE CLAIM AND OVERTIME COMPENSATION**
14      29.  During the period from May 1998 to present, Defendants
15 employed Plaintiffs in the aforesaid enterprise and willfully
16 failed to pay Plaintiffs' wages at the rate of at least $5.15 per
17 hour contrary to the requirements of Section 6 of the Act (29 USC
18 § 206).
19      30.  During the period from May 1998 to present, Defendants
20 willfully employed Plaintiffs in the sale of its Daewoo cars in
21 the United States, the aforesaid enterprise being for workweeks
22 longer than 40 hours, and failed to pay overtime compensation to
23 Plaintiffs for their employment time in excess of 40 hours per
24 week, at a rate of at not less than one and one-half (1½) times
25 the regular rate at which Plaintiffs were to be compensated,
26 contrary to the requirements of Section 7 of the Act (29 USC §
27 207).
28                        **RETALIATORY DISCHARGE**

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

32. Plaintiffs were at all relevant times employees within the meaning of 29 U.S.C. § 201(e)(1), protected against retaliation for opposing practices forbidden under the Act.

33. Defendants were at all relevant times employers within the meaning of 29 U.S.C. § 201(a), and as such were prohibited from retaliating against employees who oppose practices forbidden under the Act.

34. Plaintiffs have been retaliated against by Defendants on the basis of having opposed Defendants' willful failure to pay Plaintiffs' wages at the rate of at least $5.15 per hour contrary to the requirements of Section 6 of the Act (29 USC § 206).

35. On or about March 16, 1999 Tamara Houston, on behalf of all DCAs, filed a form SS-8 with the Internal Revenue Service in Dallas, Texas, seeking the classification of all DCAs as common law employees. The Plaintiffs learned of said filing on or about March 20, 1999.

36. Thereafter, in or around April 19, 1999 Defendants terminated all DCAs in violation of 29 U.S.C. § 215(a)(3), the anti-retaliation provision of the FLSA which protects employees who complain about wage and hour violations.

WHEREFORE, Plaintiffs pray for judgment as follows for themselves:

1. For unpaid wages in an amount according to proof at time trial;
2. For unpaid overtime compensation in an amount according to proof at time of trial;
3. For liquidated damages in an amount according to proof

          at time of trial;

4.   For compensatory damages for the retaliatory discharge in an amount according to proof at time of trial;

5.   the payment of Plaintiffs attorneys fees as approved by the court; and

6.   For payment of Plaintiffs costs and for all other and further proper relief.

Dated: September 24, 1999

**LAW OFFICES OF LIONEL Z. GLANCY**

By: _____
Lionel Z. Glancy
Peter A. Binkow

1801 Avenue of the Stars
Suite 311
Los Angeles, California 90067
Tel: (310) 201-9150

**CATANZARITE LAW CORPORATION**
Kenneth J. Catanzarite
2331 West Lincoln Avenue
Anaheim, CA 92801
Tel: (800) 326-5544

Attorneys for Plaintiffs

NMC\3051\301\500.301       COMPLAINT